# Third District Court of Appeal

## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0156
Lower Tribunal Nos. 19-202 SP & 20-153 AP
_____

**Dr. Marshall Bronstein, DC, a/a/o Allison Hesson,**
Appellant,

vs.

**Progressive American Insurance Company**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha S. Darrough, Judge.

Buchalter, Hoffman & Dorchak, P.A., and Kenneth J. Dorchak; Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

Kubicki Draper, P.A., and Michael C. Clarke (Tampa), for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Dr. Marshall Bronstein, DC (the "provider"), as the assignee of Allison

Hesson (the "insured"), challenges the final judgment entered in favor of Progressive American Insurance Company (the "insurer") in this breach of contract action for nonpayment of personal injury protection ("PIP") benefits. The trial court entered the final judgment pursuant to the insurer's confession of judgment in the maximum amount of damages alleged in the initial complaint, plus interest. On appeal, the provider argues that the trial court erred, as he amended the complaint to allege damages exceeding the confessed judgment amount before entry of the final judgment. For the following reasons, we agree and reverse.

The provider rendered treatment to the insured for injuries sustained in a car accident, obtained an assignment of PIP benefits under the insured's policy with the insurer, and submitted bills for reimbursement. After the insurer's refusal to pay the bills in full, the provider made a pre-suit demand for the total amount due, and ultimately filed a breach of contract action against the insurer in the small claims division of the county court. The initial complaint alleged that the provider submitted to the insurer medical bills in the amount of $9,500, of which amount the insurer was responsible for at least "80% less any statutorily authorized and contracted for reductions." The initial complaint further alleged that the amount in controversy was "in excess of $100.00 but less than $500.00" but did not specify the exact

2

amount owed. The insurer filed a confession of judgment of $556.61, which it claimed represented the upper limit of benefits sought in the complaint, plus applicable interest, tendered payment of this amount to the provider, and acknowledged the provider's entitlement to reasonable attorney's fees and costs, as the prevailing party.

Although the Florida Rules of Civil Procedure were fully invoked in the case,[1] and the insurer was ordered to "serve its response to the complaint" within a specified timeframe, no response to the initial complaint was ever filed. The provider eventually amended the complaint to increase the amount in controversy, alleging "damages in excess of $500.00 but less than $2,500.00." See Fla. R. Civ. P. 1.190(a) (providing that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served").

The insurer moved to dismiss the amended complaint, to enforce the confession of judgment, and for the court's entry of final judgment based upon the confession of judgment. The insurer argued that the filing of the

---

[1] See Fla. Sm. Cl. R. 7.020(c).

confession of judgment in the maximum amount of damages pled in the initial complaint effectively terminated any controversy between the parties, thus divesting the trial court of jurisdiction to take any action other than to enter the confessed judgment and award attorney's fees and costs to the provider. The provider responded that the issues between the parties were not moot as, in light of the initial complaint being amended to increase the amount of damages sought, a controversy remained as to whether the provider, in fact, had received the full extent of PIP benefits to which he was entitled under the policy.

Following a hearing, the trial court granted the insurer's motion. The trial court declined to recognize the amended complaint, seemingly agreeing with the insurer's contention that the confession of judgment in the maximum amount of damages sought in the initial complaint mooted any controversy between the parties as it pertained to the amount of benefits owed to the provider, thus limiting its authority only to entering the confessed judgment and awarding attorney's fees and costs. The trial court entered final judgment pursuant to the insurer's confession of judgment, which the provider timely appealed.

After the trial court's ruling in this case, the Fourth District considered whether a dispute between the parties became moot after the filing of an

4

insurer's confession of judgment up to the maximum amount of damages pled in the complaint, where the provider sought to amend the complaint's maximum amount of damages allegation prior to entry of the confessed judgment. See Alliance Spine & Joint, III, LLC v. GEICO Gen. Ins. Co., 321 So. 3d 242 (Fla. 4th DCA 2021).

There, the provider likewise brought an action against the insurer for unpaid PIP benefits. Id. at 244. In its original complaint, the provider alleged it was owed the sum of $54.10 from the insurer and included a separate paragraph alleging the damages in the case did not exceed $100. Id. The insurer filed a confession of judgment of $100, plus interest, and moved to enforce the confession of judgment. Id. About five months after the insurer confessed judgment and two weeks prior to the scheduled hearing on the motion, the provider moved to amend the complaint claiming it was owed $408.73 in damages. Id. The trial court denied the motion to amend and granted the motion to enforce the confession of judgment, finding that upon the filing of the confession of judgment in the maximum amount of damages alleged in the complaint, its authority was limited to entering the confessed judgment and awarding attorney's fees and costs. Id. Given the timing of the motion to amend, the trial court alternatively found that the proposed amendment would prejudice the insurer. Id.

5

On appeal, the Fourth District noted that ordinarily, "when a party confesses judgment up to the maximum amount of damages alleged in the complaint, the confessing party has, in fact, agreed to the precise relief sought in the complaint." Id. In such a situation, the issues between the parties, as framed by the complaint, become moot, as the trial court cannot provide any further substantive relief to the claimant other than entering the confessed judgment. Id. at 245. However, where the provider sought to amend the complaint's maximum amount of damages allegation prior to the court's entry of the confessed judgment, "the controversy between the parties had not been so fully resolved that a judicial determination could have no actual effect." Id. Consequently, the Fourth District concluded "to the extent the court seemingly denied the motion to amend on the basis that it lacked the authority to rule on the motion, . . . it was error to do so." Id. We agree with the Fourth District's holding in Alliance Spine and similarly conclude that the trial court here erred in declining to recognize the amended complaint prior to entry of the confessed judgment.[2] Accordingly, we reverse

---

[2] We acknowledge that in Alliance Spine, final judgment in favor of the insurer was nonetheless affirmed on the alternative ground that denial of the amendment on the basis of prejudice was not an abuse of the trial court's discretion. 21 So. 3d at 246. Here, no prejudice was argued and no discretion to deny the amendment existed because the provider was entitled to amend the initial complaint as a matter of course under rule 1.190(a). See Boca Burger, Inc. v. Forum, 912 So. 2d 561, 566-68 (Fla. 2005) (holding that

the final judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

right of plaintiff under rule 1.190(a) to amend complaint once before service of responsive pleading is automatic and absolute, and trial court has no discretion to deny such amendment).